IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Alemayehu Getachew, | : | |
| Plaintiff | : | Civil Action 2:06-cv-633 |
| v. | : | Judge Sargus |
| S&K Famous Brands, Inc., | : | Magistrate Judge Abel |
| Defendant | : | |

## Report and Recommendation

This matter is before the Magistrate Judge on Plaintiff's August 8, 2006 opposition of case's removal (doc. 9), which the Court treats as a motion to remand.  The Plaintiff requests that the court transfer this case to where it was originally filed, the Court of Common Pleas of Franklin County, Ohio.  Defendant removed this case to the United States District Court for the Southern District of Ohio Eastern Division based on federal question jurisdiction and diversity jurisdiction. (Doc. 2-1). Plaintiff argues that the removal was defective because Defendant has retail stores in Ohio and because the State Court has both subject matter and personal jurisdiction.  Further the Plaintiff argues that the Defendant failed to show why he chose federal over state court.

### I. Facts

On June 16, 2006, Plaintiff Alemayehu Getachew filed this action in the Common Pleas Court for Franklin County, Ohio.  The complaint alleges that the Defendant, S&K Famous Brands, Inc. violated the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, the Age Discrimination in

Employment Act of 1967, 29 U.S.C. § 623, and the State of Ohio equivalents, the Ohio Anti-Discrimination Statute and the Ohio Anti-Age Discrimination Statute. (Doc. 2-2). Plaintiff specifically alleges that his age and national origin were considered in denying him an open position and because of this he was discriminated against. (Doc. 2-2). Summons and complaint were filed by Plaintiff in State court on June 16, 2006. (Doc. 2-1). Notice of Removal was filed by Defendant on July 26, 2006. (Doc. 2). This removal was based on federal question jurisdiction and diversity of citizenship pursuant to 28 U.S.C. §§ 1331 and 1332. (Doc. 2). Plaintiff contends that because the Defendant has business in Ohio that compete diversity is not present.

## II. Diversity of Citizenship

The sole issue is whether having a business presence in the same state as the plaintiff destroys diversity of citizenship despite being incorporated in Virginia and having Virginia as the principle place of business. 28 U.S.C. § 1332(c)(1) states that a "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." This Court, citing the Sixth Circuit, stated that "[f]or purposes of establishing the diversity requirement of subject matter jurisdiction, a corporation can be a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business." *State Auto Financial Acquisition Corp. v. State Automobile Mutual Insurance Co.*, 289 F. Supp. 2d 906, 910 (S.D. Ohio 2003) (*citing Gafford v. General Elec. Co.*, 997 F.2d 150, 161 (6th Cir. 1993)). The uncontroverted affidavit of Gray A. Rawlings (doc. 2-3) states that S&K Famous Brands, Inc. is a Virginia corporation and that S&K's principal place of business is in Henrico County, in the Commonwealth of Virginia. (Doc. 2-3). Therefore, for diversity purposes under 28 U.S.C. § 1332 this corporation is a citizen of only one state, Virginia.

The amount in controversy requirement of subject matter jurisdiction is not at issue. Federal

question jurisdiction as the basis for original jurisdiction is also not challenged.

### III. Conclusion

Accordingly, the Magistrate Judge recommends that Plaintiff's August 8, 2006 motion to remand to the Franklin County Court of Common Pleas (doc. 9-1) be **DENIED.**

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.


/s/ Mark R. Abel
United States Magistrate Judge