IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALEMAYEHU GETACHEW,
Plaintiff,

v.

Case No. 2:06-CV-633
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

S&K FAMOUS BRANDS, INC.,
Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of the Defendant's Motion for Summary Judgment (Doc. #27). For the reasons that follow, the motion is granted.

### I.

Plaintiff, Alemayehu Getachew ["Plaintiff"], brings this action alleging discrimination in connection with his application for employment with Defendant, which operates menswear retail stores in the United States. In his Complaint, Plaintiff alleges that he has been discriminated against on account of his race, national origin, color and age. Plaintiff claims violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ["Title VII"], the Age Discrimination in Employment Act, 29 U.S.C. § 621 ["ADEA"], and Ohio law. The action was originally filed in the Court of Common Pleas for Franklin County, Ohio and was removed to this Court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441.

On April 4, 2005, Plaintiff applied for a sales position at one of Defendant's stores in Dublin, Ohio. (*Complaint* at ¶ 11). There were no openings at the store in which Plaintiff

applied. Consequently, the store manager forwarded Plaintiff's application to the District Manager, Lexie Caparanis. (*Declaration of Gary Rawlings* at ¶ 3). Ms. Caparanis forwarded Plaintiff's application to a store in Columbus, Ohio that was seeking applicants, and Plaintiff was interviewed on April 22, 2005. (*Complaint* at ¶ 12). According to the store manager who conducted the interview, Plaintiff was unenthusiastic about working in retail sales. Another candidate was selected for the position. (*Rawlings Decl.* at ¶ 3).

Plaintiff contacted Defendant's corporate office by e-mail and expressed dissatisfaction about not receiving an offer of employment. (*Id.* at ¶ 4). Defendant's Assistant Vice President / Employment Director arranged for Plaintiff to meet with Ms. Caparanis. (*Id.*). At the time of the meeting, Ms. Caparanis did not have a copy of Plaintiff's initial employment application. (*Id.*). Plaintiff completed a second application using the name "Alex Getachew[1]." (*Id.*, Exhibit 2). Ms. Caparanis explained the Defendant's commission based compensation system and Plaintiff expressed interest in pursuing a sales position. (*Id.*). Plaintiff was then interviewed for a position at a store that was hiring. During the interview, Plaintiff allegedly expressed dissatisfaction with the commission based compensation system. (*Id.*).

Following her meeting with Plaintiff, Ms. Caparanis conducted a check of Plaintiff's application. One of the former employers listed on Plaintiff's application, Greek Island Restaurant, indicated that Plaintiff never worked there[2]. (*Id.* at ¶ 5). Based on this information, together with Plaintiff's apparent dissatisfaction with the commission based compensation

---

[1] Plaintiff's first application used the name "Alex Gates."

[2] The individual who answered the telephone apparently stated that, although Plaintiff never worked there, there was an instruction to tell prospective employers that Plaintiff had worked there.

system, Defendant decided not to offer Plaintiff a sales position. (*Id.* at ¶ 6).

Plaintiff acknowledges that Defendant communicated a belief that Plaintiff was "unenthusiastic" about retail sales, but Plaintiff claims that this term was used to "hide a racially discriminatory motive . . . ." (*Memorandum contra* at 2). Plaintiff further claims that when the Human Resources Department learned his real name, they ceased communicating with him. (*Id.*). According to Plaintiff, this also constitutes evidence of racial bias.

Defendant moves for summary judgment on Plaintiff's claims for several reasons. First, Defendant argues that summary judgment is appropriate for Plaintiff's failure to cooperate in the discovery process. In April 2007, Defendant served interrogatories and requests for production of documents on Plaintiff via the U.S. Mail. Plaintiff failed to respond to the same. In May 2007, Defendant served requests for admission on Plaintiff, which also went unanswered. (*See Declaration of David E. Nagle*, attached to *Motion for Summary Judgment*). In addition, Defendant left several messages with Plaintiff seeking to conduct a deposition. Defendant sought the Magistrate Judge's assistance, and a conference call was scheduled for June 18, 2007 in order to establish a date for Plaintiff's deposition. Plaintiff failed to participate in this conference and continued to fail to respond to Defendant's attempts to contact him.

Aside from the difficulties with discovery, Defendant also argues that summary judgment is appropriate because Plaintiff did not file suit within the time permitted by the EEOC Notice of Right to Sue. Further, the Charge of Discrimination identified only age and national origin discrimination, not race or color. Finally, Defendant argues that Plaintiff has not come forward with evidence to establish genuine issues of material fact on his claims of discrimination in the hiring process.

3

## II.

The procedure for considering whether summary judgment is appropriate, is found in Fed. R. Civ. P. 56(c). This section provides, in relevant part:

> The judgment sought shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also, Matsushita Electronic Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

The United States Court of Appeals for the Sixth Circuit has recognized that *Liberty Lobby, Celotex,* and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). The court in *Street* identifies a number of important principles in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479.

In addition, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but

4

must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Liberty Lobby*, 477 U.S. at 257). The nonmoving party must adduce more than a mere scintilla of evidence in order to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita*, 475 U.S. at 586). Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* That is, the nonmoving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

### III.

Defendant seeks dismissal of Plaintiff's claims under Fed. R. Civ. P. 37(b)(2)(A). This provision states:

> **(b) Failure to Comply with a Court Order.**
> (2) Sanctions in the District Where the Action Is Pending.
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director or managing agent - or a witness designated under Rule 30(b)(6) or 31(a)(4) - fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35 or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>               \*              \*              \*
> (v) dismissing the action or proceeding in whole or in part . . . .

Defendant also relies on Fed. R. Civ. P. 41(b), which provides:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -

5

operates as an adjudication on the merits.

The Sixth Circuit considers the sanction of dismissal under Rule 37 for failure to cooperate in discovery as a sanction of "last resort." *Martin v. City of Memphis*, No. 06-2429, 2008 WL 276479 (W.D. Tenn. Jan. 30, 2008), citing *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). Dismissal is appropriate "only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault." *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 153-54 (6th Cir. 1988). The court is to consider the following factors in this regard: (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *Martin*, 2008 WL 276479 at *2, citing *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Bank One v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

Defendant argues that each of the foregoing factors is satisfied in this case. The Court agrees. First, based on the record in this case, the Court finds that Plaintiff's failure to engage in discovery was willful. Repeated attempts were made to contact Plaintiff by mail, phone and through court-scheduled conferences. Plaintiff failed to participate or respond. Second, there has been prejudice as a result of the Plaintiff's violations of the discovery rules. Plaintiff's theory of this case is unsupported in the record and Defendant has expended time and resources in defending this action. Third, Plaintiff has been warned by both the Magistrate Judge and the undersigned that failure to adhere to court Orders could result in dismissal. The Court's final warning was contained in the Order directing Plaintiff to respond to the Defendant's Motion for

6

Summary Judgment. (Doc. #28). Although Plaintiff filed a response, the Court nevertheless concludes that Plaintiff's failure to participate in discovery justifies the sanction of dismissal of his claims. Fourth, the Court finds that less drastic sanctions would not be appropriate. In short, the Court finds dismissal under Rule 37, as well as under Rule 41, an appropriate sanction for Plaintiff's failure to cooperate or engage in discovery.

The Court notes that, even if it were to reach a contrary conclusion on this issue, the Defendant would still be entitled to summary judgment on Plaintiff's claims. As Defendant points out, Plaintiff's EEOC Charge of Discrimination identifies age and national origin; race and color are not marked. (Doc. #27-4). In order for this Court to have subject matter jurisdiction over Plaintiff's Title VII claims, Plaintiff must have first pursued administrative relief. *Love v. Pullman Co.*, 404 U.S. 522 (1972). Thus, the claimant must identify the basis for discrimination in the charge or the claim must be reasonably expected to grow out of the form of discrimination identified in the charge in order for the Court to have jurisdiction. *Weigel v. Baptist Hosp. of East Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002). A claim for national origin discrimination does not necessarily give rise to a claim of race or color discrimination. *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 546 (6th Cir. 1991). Since Plaintiff failed to indicate race or color as a basis for discrimination on the EEOC charging document, the Court concludes that it is without jurisdiction over these claims. Further, the Notice of Right to Sue was issued on March 9, 2006. (Doc. #2-2). Plaintiff filed his case on June 16, 2006. As Defendant points out, assuming a five day mailing period, Plaintiff would have received the Notice of Right to Sue on

7

March 14, 2006[3]. Plaintiff's suit is therefore untimely.

Finally, even if this Court had jurisdiction over Plaintiff's claims, the Court concludes that Plaintiff has failed to come forward with any evidence to support his allegations of discrimination. In opposing Defendant's motion, Plaintiff makes conclusory statements that he was discriminated against on account of his race, color, national origin and age. There is, however, no direct evidence to support these claims.

The record also does not contain sufficient circumstantial evidence to give rise to any genuine issue of material fact on Plaintiff's claims. Plaintiff's argument that racial animus is shown through Defendant's statement that Plaintiff was "unenthusiastic" about retail sales, is tenuous at best. Plaintiff fails to establish all of the essential elements of a *prima facie* case for discrimination based on circumstantial evidence, which are: (1) that Plaintiff is a member of a protected class; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) that he was treated differently from similarly situated non-protected persons. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). Even if Plaintiff could satisfy the foregoing, the Defendant has come forward with evidence to support a legitimate, nondiscriminatory reason for failing to hire the Plaintiff; namely, his apparent falsification of employment application documents and a perceived lack of enthusiasm during the interview process. In view of this evidence, Plaintiff must show that the reason offered for failing to hire Plaintiff is a pretext for discrimination. *Id.* Plaintiff has failed to come forward with any evidence in this regard.

---

[3] Under Sixth Circuit authority, the ninety day limitation period for filing suit begins to run on the fifth day following the EEOC's mailing of the Notice of Right to Sue. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000).

The Court notes that on February 21, 2008, Plaintiff filed a Motion for Summary Judgment. The filing is outside the time limit permitted for dispositive motions. Plaintiff offers no justification for the untimeliness of the document. Furthermore, a review of the filing reveals no genuine issues of material fact on Plaintiff's claims.

In sum, the Court concludes that Defendant is entitled to summary judgment.

### IV.

The Defendant's Motion for Summary Judgment (**Doc. #27**) is **GRANTED**. The Plaintiff's Motion for Summary Judgment (**Doc. #35**) is **DENIED**. The Clerk is **DIRECTED** to enter Judgment in favor of Defendant and to dismiss this case.

**IT IS SO ORDERED.**

2-26-2008
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**